IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>JAMES FRED GORDON<br><br>Defendant. | ORDER<br><br><br><br><br><br>Case No. 2:04-CR-688 |

Before the Court is the magistrate judge's report and recommendation (Dkt. No. 263) issued on July 21, 2008 recommending that Defendant Gordon's motion to suppress[1] be denied. On July 31, 2008, Defendant, through his attorney, objected to the report and recommendation. No reasons were given for the objection.

Rule 72(b)(2) of the Federal Rules of Civil Procedure states "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." The rule directs the district judge to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In *United States v. One Parcel of Real Property*, the Tenth Circuit

---

[1] The motion is reflected in docket no. 228, filed on March 20, 2008 and docket no. 258, filed on June 17, 2008.  The latter document is a memorandum in support of the motion to suppress.  It was docketed as a motion to suppress because its caption labels it as a motion, rather than a supporting memorandum.

held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court . . . ." 73 F.3d 1057, 1060 (10th Cir. 1996) (finding that a general objection consisting of only two sentences was not sufficiently specific). Specificity is important – "Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

Here, the magistrate judge's report and recommendation informed the parties that they had ten days after receiving it to file any objections and that "[f]ailure to file objections may constitute a waiver of those objections on subsequent appellate review." Within the time specified, Defendant filed a written objection stating in its entirety, "James Fred Gordon, through his attorney, D. Gilbert Athay, hereby objects to the Memorandum Decision and Report and Recommendation filed in this matter on July 21, 2008 and appeals the matter to the District Court for its review." (Dkt. No. 265.)

By failing to file specific objections to the magistrate judge's report and recommendation, Defendant waived review by this Court. Therefore, the Court ADOPTS the report and recommendation and DENIES Defendant's motion to suppress.

IT IS SO ORDERED.

Dated this 13th day of August, 2008.

_____
Dee Benson
District Court Judge